UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 16-cr-20078
                                                      District Judge Paul D. Borman

RAYMOND WESLIE WILLIAMS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE (ECF NO. 102)

Defendant Raymond Weslie Williams pled guilty to <u>producing</u> child pornography in violation of 18 U.S.C. § 2251(a). He was not convicted of merely possessing, receiving or distributing child pornography. The Court sentenced Defendant to a below-guideline sentence of 252 months (21 years) incarceration. He has served roughly four and a half years of his 21-year sentence, and his projected release date is December 16, 2033. (Defendant's Renewed Motion for Compassionate Release, ECF No. 102, July 30, 2020, Page ID 874,)

Defendant, who is 47 years old, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of his latent TB, a skin condition caused by a fungal infection, and a BMI scoring of 30.2. He also detailed his rehabilitation in prison: Completion of a drug treatment program, parenting classes, and fitness classes. (Pro Se Motion for Compassionate Release, ECF No. 97.)

1

Defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A), so his Motion is properly before this Court.

Defendant's Renewed Motion for Compassionate Release contends that the conditions at FCI-Pekin (IL) "are ripe for a COVID-19 outbreak." (Defendant's Renewed Motion, ECF No. 102, 7-30-2020, Page ID 875). He contends that his "incarcerated status alone puts him at a higher risk of contracting COVID-19." (*Id.*)

The Court notes that the United States Court of Appeals for the Sixth Circuit recently stated:

> The BOP has put in place and updated its protocols to address the novel risks from COVID-19.

*Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020). The Court further notes that BOP COVID-19 statistics for FCI-Pekin, as of August 16, 2020, are two inmate positives, one recovered (per BOP regional supervisor based in St. Louis, MO).

Defendant contends that his BMI index of 30.2 (6' 5", 255 lbs.) places him in the CDC high risk obese category. (BMI 30 or higher.) The Court notes that this is at the bottom of the CDC BMI obesity risk margin.

Defendant contends that he "is at a higher risk of serious illness from COVID-19 because he suffers from a latent TB infection, which means that TB bacteria are living in Williams' body without making him ill. Williams tested positive for TB in *1990*…Though he has 'recovered,' there is no cure for TB, and

2

he receives annual chest x-rays to monitor for potential lung damage." (*Id.*, Page ID 882-883.) (Citations omitted.) (Emphasis added.)

Defendant further contends that he has a chronic skin infection (Majocci's Granuloma), a rare fungal infection that goes deep into the skin, that is out of control and causes his lower legs to break out into bleeding sores that never heal. (*Id*. at Page ID 886). Defendant contends that this infection likely puts him in a category of immunocompromised individuals who are at a higher risk of developing severe complications related to COVID-19. (*Id*. at Page ID 886.) Defendant also states that he has multiple tooth abscesses, which also make him immunocompromised. (*Id*. at Page ID 887.)

Defendant notes that although he did not have any disciplinary incidents at FCI-Pekin, he did have "three minor incidents at FCI-McKean." (*Id*. at Page ID 893.) (ECF No. 102-13, Page ID 992.)

Defendant contends that:

> In light of Williams' rehabilitation in prison, the global COVID-19 pandemic, and his particular susceptibility to COVID-19, the Court should not hesitate to replace his remaining prison term with the term of home confinement.

(*Id*. at p. 896).  Defendant has produced his BOP health services "Problems" listing his skin condition and his abscess. (ECF No. 102-5, Page ID 911.)

3

The Government's Response in Opposition noted that Defendant Williams has served only about one quarter of his sentence for sexually exploiting children, and that he remains a danger to the community. (Government Response, ECF No. 104, August 13, 2020, Page ID 996.)

The Government notes that BOP records indicate a "possible ringworm or Majocci Granuloma, neither of which are recognized CDC conditions for increased risk of a more serious outcome if he contracts COVID-19." (ECF No. 104, at Page ID 1010.)

The Government states that "even if his medical conditions qualified him for compassionate release consideration, he remains a danger to the community." (*Id*. at Page ID 996):

> Williams's offense and past behavior toward children make him a danger to the community, which precludes release under U.S.S.G. § 1B1.13(2). And the § 3553(a) factors which the Court must also consider under § 3582(c)(1)(A) likewise do not support release.

(*Id*. at Page ID 997-98.)

The Government attaches its Sentencing Memorandum filed in this case (ECF No. 105-1, filed under seal) as "Exhibit A, which spells out Williams's long-running sexual interest in young teen girls." (*Id*., at Page ID 998.) The Court attaches a portion of that Government Sentencing Memorandum as a Sealed

4

Attachment to this Opinion and Order. (Attachment, Exhibit A, Sealed Government Sentencing Memorandum (ECF No. 105-1), Page ID 1017-1025.)

Defendant's Reply Brief (ECF No. 106, 8/20/2020) contends that the lasting effects of latent TB (Defendant underwent treatment for latent TB many decades ago), still makes him vulnerable to COVID-19. (*Id*., Page ID 1057.)

Defendant is taking and completing BOP drug treatment programs, parenting classes, and fitness and nutrition classes at FCI-Pekin. (Renewed Motion for Compassionate Release, ECF No. 102, Page ID 874). Defendant's BOP Program Review lists, *inter alia,* stretching class-recreation, speed, agility and quickness, foot injuries class. (Defendant's Renewed Motion, Exhibit 9, ECF No. 102-10). This evidences that he is not suffering from a serious physical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. (*See*, Sentencing Guideline 1B1.13, cmt., at note 1(A)(ii).)

Two recent district court decisions granting release, cited in Defendant's Reply, are not on point with the instant case involving a sexual predator imposing his will on underage children.

*United States v. Greene*, 2020 WL 4581717 (E.D. MI., August 10, 2020), granted compassionate release to a defendant convicted of possession with intent to

distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Greene's only violent crime conviction occurred in 1997, an assault and battery.

*United States v. Ireland*, 2020 WL 4050245, (E.D. MI.) (7/20/2020), granted compassionate release to a defendant who alleged latent TB, and had a BMI of 30.6. Ireland's convictions were for the sale of narcotics and firearms: The court found that he was no longer a threat to the community, <u>and</u> that he would be eligible for home confinement in seven months. That is not the case here with regard to Defendant Williams, who stands convicted of producing child pornography and who the Court finds remains a danger to the community, especially underage girls, and who does not have a release date until December 2033.

## CONCLUSION

The Court concludes that while Defendant has set forth multiple medical conditions, his prison records establish that they do not diminish his ability to continue self-care in prison. Further, he has not shown "extraordinary and compelling reasons" that support compassionate release after the Court considers the applicable restrictive provisions. Title 18 U.S.C. § 3582(c)(1)(A), restricts release by requiring the Court to consider--"the factors set forth in 3553(a)--," and the restrictive policy statements set forth by the Sentencing Commission in Guideline § 1B1.13--"after considering the factors set forth in 18 U.S.C. §

3553(a)," and determining that the "defendant is not a danger to the safety of the community, as provided in 18 U.S.C. § 3142(g). (1B1.13 and (2).)"

Application of the Title 18 U.S.C. § 3553(a) factors, which the Court must consider under 18 U.S.C. § 3182(c)(1)(A), and also under Guideline § 1B1.13, support the Court's denial of Defendant's Motion for Compassionate Release:

    (a)(1)    The nature and circumstances of this offense were horrific, and his prior record of criminal behavior is also indicative of a continuing contempt for the law.[1]

    (a)(2)(A)    There was a need for the Court's imposition of this extensive sentence, because of the seriousness of his child exploitation offense, and to promote respect for the law protecting young children.

    (a)(2)(B)    There is a need to afford significant deterrence to criminal conduct of this nature, thus requiring his serving a significant portion of his 21-year sentence.

    The Court notes that a recent Sixth Circuit decision, *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020), approves

---

[1] The Government's Sentencing Memorandum in this case noted:

> In 1991 he was found guilty of felony assault with great bodily harm less than murder and received three to ten years. In 2006, he pleaded guilty to felony weapons attempt. And the same year he was convicted of 15 Counts involving felony identity theft, illegal transaction devices, forgery and counterfeiting.

(ECF No. 105-1, Page ID 1029.)

>>of a court's consideration of the percentage of time served in its required discussion of these 3553(a) factors:
>>
>>>District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary," to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.
>>
>>In the instant case, Mr. Williams has completed less than 25 percent of his 252-month sentence.
>
>(a)(2)(C)   There is a need to protect the public, particularly young children, from further crimes of Defendant Williams, even though he has attended BOP programs and made some rehabilitative efforts while in prison.

Finally, the Court concludes, after considering Title 18 U.S.C. § 3142(g) factors, as required under Guideline § 1B1.13(2), that there are no conditions that, if Defendant was released, could assure the safety of the community from Mr. Williams' criminal behavior. The Court does not agree with Defendant's assertion that home confinement under "strict" conditions, combined with family support, would assure the safety of the community.

8

Accordingly, the Court DENIES Defendant Raymond Weslie Williams' Motion for Compassionate Release.

SO ORDERED.

DATED: August 27, 2020

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE