UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Case No. 16-cr-20078
                                                                   District Judge Paul D. Borman

RAYMOND WESLEY WILLIAMS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT RAYMOND WESLEY WILLIAMS' MOTION FOR COMPASSIONATE RELEASE/REDUCTION OF SENTENCE (ECF NO. 113, ECF NO. 115)**

Defendant Raymond Wesley Williams filed Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 113, Letter/Motion for Reduction of Sentence; ECF No. 115, Motion for Compassionate Release.) The Court will treat them together in this Order.

In 2017, this Court sentenced Williams to 252 months imprisonment for convictions related to sexually exploiting children.

In 2020, Williams filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court denied his Motion. (ECF No. 107.)

Two months later, Williams moved for compassionate release. The Court denied this Motion. (ECF No. 112.)

Recently, Williams filed multiple motions to reduce his sentence. (ECF No. 113, and ECF No. 115.) Even overlooking that Williams provided no proof of

1

exhaustion of his claims within the BOP, the Court will proceed to consider his request for compassionate release.

The Court notes that between October 2015 and January 2016, Williams, playing the role of a bisexual female teenager, engaged in over 60 separate chat sessions with multiple females between the ages of 15 and 16 (KIK chats) asking for their age and names of other girls that fit the range. (PSR at ¶¶ 18 & 19.)

Williams sent child pornographic images and coerced minor victim 3 to send him images of her vagina. His "prey" included multiple minor victims. Williams produced child pornography, distributed child pornography, possessed child pornography, and attempted to solicit victims to engage in sexual activity, all of which he stipulated to in his Rule 11 Plea Agreement. (PSR at p. 7, ¶ 22.)

At his sentencing on August 8, 2017, three instances of Defendant's videos of child victims (ages 11 years old, 16 years old) were noted.

Based on his history of sexually exploiting children, and concurring with the Court's August 27, 2020 Order denying his "Renewed Motion for Compassionate Release," the Court will deny his present Motion for Compassionate Release/ Reduction of Sentence.

The Court finds that the 18 U.S.C. § 3553(a) factors support this court's decision:

1. (a)(1): The nature and circumstances of the offense are of the most serious nature. The history and characteristics of the Defendant's criminality as set forth in his presentence investigation report includes prior convictions for:

    > 1990: Assault with Intent to do Great Bodily Harm Less than Murder, Felony Firearm.

    > 1990: Receiving and Concealing Stolen Property.

    > Again 1990: Receiving and Concealing Stolen Property.

    > 2006: Carrying Concealed Weapons.

    > 2006: Identity Theft. Illegal Sale/Use of Financial Transaction Device, Forging Driver's license.

2. There is a need to deny the Motion for Compassionate Release/Reduction in Sentence:

    a. To reflect the seriousness of Williams' conduct in the instant offense, to promote respect for the law, and to provide just punishment for the heinous offense.

    b. To afford adequate deterrence to criminal conduct much similar to this most serious case.

    c. And certainly to protect the public from further similar crimes by Defendant.

## CONCLUSION

The Court, for the reasons stated above, DENIES Defendant's Motion for Compassionate Release/Reduction of Sentence (ECF Nos. 113,115).

SO ORDERED.

DATED:  January 26, 2024

                                        s/ Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE